**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RONALD L. COGAN,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
CH-3443-17-0171-I-1

DATE: April 6, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald L. Cogan, Akron, Ohio, pro se.

Roderick D. Eves, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency's correction of his seniority date following a reassignment for lack of jurisdiction. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant, a preference eligible, is employed by the agency as a Building Equipment Mechanic. Initial Appeal File (IAF), Tab 8 at 10. In a letter dated January 12, 2017, the Complement Coordinator notified him that a review of his voluntary reassignment history revealed that his seniority date of January 15, 2011, was incorrect and had to be corrected to May 31, 2014, the effective date of his voluntarily reassignment. *Id.* at 9. The appellant appealed the correction of his seniority date to the Board, alleging that the "review of [his] voluntary reassignment request . . . was triggered by another Postal Employee who filed an [equal employment opportunity (EEO)] complaint saying that [the appellant] got [his] seniority because [he] was a white male, and she did not get her seniority restored because she was a black female." *Id.* at 5. He further alleged that the "agency singled [him] out for this alleged review based upon previous [Board]/EEO/Union Activity." *Id.*

¶3    The administrative judge notified the appellant that the Board generally lacks jurisdiction over voluntary transfers and the loss of seniority resulting from a voluntary transfer and set forth his burden of proof to establish Board jurisdiction over a claim of enforced leave, a constructive suspension, and a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994.[3]  IAF, Tabs 2, 4-5.  In response, the appellant appeared to allege that his reassignment was not voluntary and submitted a number of documents related to the collective bargaining agreement and evidence showing that he is a preference-eligible veteran.  IAF, Tabs 6-7.

¶4    The administrative judge also notified the appellant of his burden of proof to establish his affirmative defenses of reprisal for prior equal employment opportunity (EEO) activity, retaliation for filing a prior Board appeal, and whistleblower reprisal based on a protected disclosure under 5 U.S.C. § 2302(b)(8), and ordered him to submit specific evidence and argument in support of his claims.  IAF, Tab 9.  In response, the appellant asserted the following:  (1) he had a charge pending with the Department of Labor regarding the agency's failure to provide documentation for the collective bargaining procedure; (2) he previously filed a Board appeal; (3) he has been a union steward and a union officer; (4) an African American employee told him that she "was filing an EEO complaint to change [his] seniority"; (5) the Complement

---

[3] Generally, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Here, although the administrative judge provided the appellant notice of various methods of establishing Board jurisdiction, she did not provide him notice regarding the Board's jurisdiction under 5 U.S.C. chapter 75.  IAF, Tabs 2, 4-5, 9.  However, an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings put the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review.  *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).  We find that the agency's motion to dismiss cured the deficient notice by setting forth the appellant's burden of proof to establish an appealable adverse action under 5 U.S.C. chapter 75.  IAF, Tab 8 at 6-7.

Coordinator and the Manager of Human Resources "divulge[d] information of a personnel [sic] nature to the EEO parties"; and (6) the Complement Coordinator "has not reviewed the seniority of other employees that transferred into the Cleveland office as a result of reassignment." IAF, Tab 10 at 3.

¶5   Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that he failed to establish jurisdiction over his challenge to the agency's calculation of his seniority date and that, absent an otherwise appealable action, the Board could not adjudicate his affirmative defenses. IAF, Tab 13, Initial Decision (ID). Accordingly, she dismissed the appeal for lack of jurisdiction. ID at 3.

¶6   The appellant has filed a petition for review of the initial decision, arguing that the Complement Coordinator improperly changed his seniority date on two occasions and that administrative judge failed to evaluate his appeal under 5 U.S.C. § 2302(b)(9). Petition for Review (PFR) File, Tab 1 at 3-5. The agency has not responded to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7   The Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect; rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence.[4]   *Garcia v.*

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶8    A preference-eligible Postal Service employee with at least 1 year of current continuous service in the same or similar positions may file a Board appeal of certain agency actions under 5 U.S.C. chapter 75. *Gordon-Cureton v. U.S. Postal Service*, 105 M.S.P.R. 165, ¶ 6 (2007). Such appealable adverse actions include the following: a removal; a suspension for more than 14 days; a reduction in grade; a reduction in pay; and a furlough of 30 days or less. 5 U.S.C. § 7512. Here, although it is undisputed that the appellant is a preference eligible and has more than 1 year of current continuous service in the same or similar position, he has not nonfrivolously alleged that the agency subjected him to any appealable action under chapter 75. IAF, Tabs 1, 6-7, 10; PFR File, Tab 1. In the absence of a reduction in pay or grade, the appellant's loss in seniority and reassignment, even if involuntary, are not appealable adverse actions under chapter 75. *See* 5 U.S.C. §§ 7512, 7513(d).

¶9    In addition, absent an otherwise appealable action, the Board lacks jurisdiction over claims of prohibited personnel practices under 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9). *See Flores v. Department of the Army*, 98 M.S.P.R. 427, ¶ 9 (2005); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant's argument on review that his claim should be evaluated under section 2302(b)(9), rather than section 2302(b)(8), provides no basis to disturb this finding. Like claims of prohibited personnel practices under section 2302(b)(8), claims of prohibited personnel practices under section 2302(b)(9) cannot serve as an independent basis for finding Board jurisdiction. *See Flores*, 98 M.S.P.R. 427, ¶ 9. Furthermore, the appellant may not file an individual right of action appeal based on alleged protected activity described under 5 U.S.C. § 2302(b)(9) because Postal Service employees are not covered by the Whistleblower Protection Act or the

Whistleblower Protection Enhancement Act. *See Matthews v. U.S. Postal Service*, [93 M.S.P.R. 109](#), ¶ 13 (2002); *see also* [39 U.S.C. § 410](#)(a).

¶10      We have considered the appellant's remaining arguments but find that they do not constitute nonfrivolous allegations of Board jurisdiction. In light of the foregoing, we agree with the administrative judge's determination that the Board lacks jurisdiction over this appeal.[5]

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Before the initial decision was issued, the appellant filed a "[m]otion for discovery" with the Board seeking documentation pertaining to his seniority date, an EEO complaint filed by another employee, and his reassignment. IAF, Tab 11. The administrative judge found that her dismissal of the appeal for lack of jurisdiction rendered the appellant's motion for discovery moot. ID at 3 n.4. The appellant appears to renew his request for discovery on review, stating that the agency's documentation would show that other reassigned veterans have not had their seniority dates changed. PFR File, Tab 1 at 5. An appellant may request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction. *Parker v. Department of Housing and Urban Development*, [106 M.S.P.R. 329](#), ¶ 9 (2007). For the reasons discussed above, however, we find that the documentation requested by the appellant is irrelevant to his jurisdictional burden. Therefore, we discern no error in the administrative judge's ruling that the appellant's motion was moot in light of her dismissal of the appeal for lack of jurisdiction.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.